UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:18cr 28 (JAM) |
| | : | VIOLATIONS: |
| v. | : | 18 U.S C. § 1343 (Wire Fraud) |
| | : | 18 U.S.C. § 1957 (Engaging In Monetary Transactions In Property Derived From Specified Unlawful Activity) |
| BARTON STUCK | : | 18 U.S.C. § 1001 (False Statements) |

FILED
2018 FEB 21 P 12: 21
U.S. DISTRICT COURT
NEW HAVEN, CT.

INDICTMENT

The Grand Jury charges:

COUNT ONE
(Wire Fraud)

Background

At all times relevant to this Indictment:

1. Defendant BARTON STUCK ("STUCK") resided in Westport, Connecticut.

2. STUCK exercised control over a group of related "Signal Lake" business entities, which included Signal Lake General Partners LLC, Signal Lake Operations LLC, Signal Lake Management LLC, Signal Lake Side Fund LP, Signal Lake Side Fund II LP, Signal Lake Side Fund IIA LP, Signal Lake Top Prospects Fund, and SLT Logic LLC (collectively the "Signal Lake entities").

3. The Signal Lake entities purported to be venture capital vehicles, through which investors could invest in various technology portfolio companies, including but not limited to InPhase Technologies Inc., Coredge Group, HVault Storage, and Optical Vaults Inc.

4. STUCK solicited investments for the Signal Lake entities.

5. The Signal Lake entities and their portfolio companies were a failure, and investors lost their entire investment.

The Scheme and Artifice to Defraud

6. From approximately 2015 to approximately 2016, the precise dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, STUCK, knowingly and with intent to defraud, devised a scheme and artifice to defraud and obtain money and property from at least one prospective investor in the Signal Lake entities by means of materially false and fraudulent pretenses, representations and promises.

7. The purpose of the scheme was for STUCK to enrich himself and to prevent and forestall discovery of the Signal Lake entities' failure by defrauding at least one prospective investor out of money and property using materially false and fraudulent pretenses, representations, and promises.

8. As part of the scheme and artifice to defraud, STUCK misrepresented material facts regarding the financial health and anticipated returns of the Signal Lake entities and their portfolio companies.

9. As further part of the scheme and artifice to defraud, STUCK falsely guaranteed payment of twice the original investment in the Signal Lake entities to at least one prospective investor.

10. As further part of the scheme and artifice to defraud, STUCK falsely claimed that the Signal Lake entities had $200 million in a Wells Fargo Bank account.

Execution of the Scheme and Artifice

11. On or about September 30, 2015, in the District of Connecticut and elsewhere, having devised a scheme and artifice to defraud by obtaining money and property by means of materially false and fraudulent pretenses and acting with the purpose of executing that scheme and artifice, the defendant, BARTON STUCK, knowingly transmitted and caused to be transmitted

writings, signs and signals by means of wire communications in interstate commerce, that is, an e-mail from the address bartstuck@signallake.com with instructions on wiring funds to a Signal Lake Operations LLC account at Wells Fargo Bank ending in 0970.

In violation of Title 18, United States Code, Section 1343.

COUNT TWO
(Engaging In Monetary Transactions In Property Derived From Specified Unlawful Activity)

12. The allegations in Paragraphs 1 through 10 of this Indictment are realleged and incorporated as though fully set forth herein.

13. On or about October 5, 2015, the defendant, BARTON STUCK, did knowingly engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000 involving financial institutions that are engaged in, and the activities of which affect, interstate commerce, such property having been derived from a specified unlawful activity—namely wire fraud in violation of Title 18, United States Code, Section 1343—that is, a wire transfer of $29,800 from a Signal Lake Operations LLC account at Wells Fargo Bank ending in 0970 to an account at SunTrust Bank ending in 2900.

In violation of Title 18, United States Code, Sections 1957 and 2.

COUNT THREE
(False Statements - 2016 Form ADV)

14. The allegations in Paragraphs 1 through 10 of this Indictment are realleged and incorporated as though fully set forth herein.

15. On or about October 28, 2016, in the District of Connecticut and elsewhere, the defendant, BARTON STUCK, did knowingly and willfully make and use false writings and documents, knowing each to contain materially false, fictitious and fraudulent statements and entries, in a matter within the jurisdiction of the United States Securities and Exchange

Commission, a department and agency of the United States, that is, a Form ADV filed on behalf of Signal Lake General Partners LLC containing the following false statements and entries:

| Page | Question or Prompt | False Entry |
|---|---|---|
| 6 | [W]hat is the amount of the private fund [elsewhere named as "Signal Lake Operations LLC"] assets that you manage? | $145000000 |
| 15 | Current gross asset value of the private fund: | $145,000,000 |
| 16 | Are the private fund's financial statements subject to an annual audit? | Yes |
| 16 | Name of the auditing firm: | O'Connor Davies |

In violation of Title 18, United States Code, Section 1001.

COUNT FOUR
(False Statements - 2017 Form ADV)

16. The allegations in Paragraphs 1 through 10 of this Indictment are realleged and incorporated as though fully set forth herein.

17. On or about March 17, 2017, in the District of Connecticut and elsewhere, the defendant, BARTON STUCK, did knowingly and willfully make and use false writings and documents, knowing each to contain materially false, fictitious and fraudulent statements and entries, in a matter within the jurisdiction of the United States Securities and Exchange Commission, a department and agency of the United States, that is, a Form ADV filed on behalf of Signal Lake General Partners LLC containing the following false statements and entries:

| Page | Question or Prompt | False Entry |
|---|---|---|
| 4 | [W]hat is the amount of the private fund [elsewhere named as "Signal Lake Operations LLC"] assets that you manage? | $145000000 |
| 7 | Current gross asset value of the private fund: | $145,000,000 |
| 8 | Are the private fund's financial statements subject to an annual audit? | Yes |
| 8 | Name of the auditing firm: | O'Connor Davies |

In violation of Title 18, United States Code, Section 1001.

FORFEITURE ALLEGATION UNDER 28 U.S.C. § 2461(c) & 18 U.S.C. § 981(a)
(Forfeiture Related to Wire Fraud)

18. Upon conviction of the wire fraud offense alleged in Count One of this Indictment, the defendant, BARTON STUCK, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1343, and a sum of money equal to the total amount of proceeds obtained as a result of the offenses.

19. If any of the above-described forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant(s) up to the value of the forfeitable property described above.

All in accordance with Title 18, United States Code, Section 981(a)(1), as incorporated by Title 28, United States Code, Section 2461(c); Title 21, United States Code, Section 853; and Rule 32.2(a), Federal Rules of Criminal Procedure.

FORFEITURE ALLEGATION UNDER 18 U.S.C. 982(a)
(Forfeiture Related to Money Laundering)

20. Upon conviction of one or more of the money laundering offenses alleged in Count Two of this Indictment, the defendant, BARTON STUCK, shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 982(a)(1), all right, title, and interest in any and all money and other property involved in each offense in violation of Title 18, United States Code, Section 1957, and all property traceable to such property, and a sum of money equal to the total amount of money involved in each offense, or conspiracy to commit such offense, for which the defendant is convicted.

21. If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s), cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of said defendant(s) up to the value of the forfeitable property described above.

All in accordance with Title 18, United States Code, Section 982(a)(1); Title 21, United States Code, Section 853; and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

/s/

FOREPERSON

UNITED STATES OF AMERICA

JOHN H. DURHAM
UNITED STATES ATTORNEY

JONATHAN N. FRANCIS
ASSISTANT UNITED STATES ATTORNEY