UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

v.

BARTON STUCK,
*Defendant*.

No. 3:18-cr-28 (JAM)

# ORDER DENYING MOTION TO WITHDRAW GUILTY PLEA, ABSTAINING FROM RULING ON MOTION FOR POST-CONVICTION RELIEF, DENYING MOTION TO POSTPONE VOLUNTARY SURRENDER DATE, AND DENYING MOTION FOR COMPASSIONATE RELEASE

On May 27, 2021, the Court sentenced defendant Barton Stuck principally to a term of 12 months and one day of imprisonment following his plea of guilty to wire fraud. On June 4, 2021, counsel for Stuck filed a notice of appeal from his conviction and sentence.

At sentencing, I ordered Stuck to voluntarily surrender to commence service of his sentence on June 24, 2021. The Bureau of Prisons has designated Stuck to serve his sentence at FCI Otisville.

On June 11, 2021, Stuck filed a *pro se* motion seeking multiple forms of relief.[1] First, he seeks to withdraw his plea of guilty. Second, he moves for post-conviction relief pursuant to 28 U.S.C. § 2255 on the ground of ineffective assistance of counsel. Third, he seeks a stay of his voluntary surrender date until his appeal is heard and decided by the Court of Appeals. Fourth, he seeks compassionate release from imprisonment. The Government has filed an objection.[2]

### *Withdrawal of guilty plea*

Stuck moves to withdraw his guilty plea on the ground that he had a right to do so at any time before I accepted the plea shortly before his sentencing on May 27, 2021. Although Stuck is

---
[1] Doc. #110; *see also* Doc. #111 (addendum); Doc. #114 (letter memorandum).
[2] Doc. #113.

1

correct that a defendant may withdraw a guilty plea at any time prior to its acceptance by the Court, *see* Fed. R. Crim. P. 11(d)(1), he did not move to withdraw his guilty plea *before* the Court accepted the guilty plea. Moreover, "[a]fter the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." Fed. R. Crim. P. 11(e). Accordingly, I will deny Stuck's motion to withdraw his guilty plea.

### *Motion for post-conviction relief*

Stuck moves for post-conviction relief pursuant to 28 U.S.C. § 2255 on the ground that his trial counsel was ineffective for failing to move to withdraw his guilty plea. The Court has opened a separate docket action for Stuck's § 2255 motion. *See Stuck v. United States*, 21cv806-JAM (D. Conn.). And the Court has entered an order on that docket for the Government to respond to Stuck's claim of ineffective assistance of counsel by August 16, 2021. Because Stuck's motion is fact-intensive and the Government has yet to file a response, I will abstain at this time from ruling on Stuck's § 2255 motion.

### *Motion to postpone surrender date*

Stuck moves to postpone his voluntary surrender date in order to allow for the litigation of his appeal. I decline to do so for lack of a sufficient showing that Stuck actually instructed his counsel to file a motion to withdraw his guilty plea. His claim of an intention to withdraw his guilty plea is inconsistent with his letter to the Court that is dated March 15, 2020 in which Stuck stated in part that "I write this letter to accept accountability for and ownership of my actions, and I am prepared to face sentencing for my crimes."[3]

---

[3] Doc. #74-1 at 8.

True enough, Stuck now says that it was only later beginning in February 2021 that he instructed his counsel to move to withdraw his guilty plea.[4] But Stuck does not offer any non-conclusory reason why he would have instructed his counsel to move to withdraw his guilty plea; the lack of a good reason suggests that he did not so.[5] Moreover, when Stuck filed a *pro se* motion on the day before sentencing, his motion did *not* seek to withdraw his guilty plea but instead sought to postpone sentencing for 30 days so that he could retain new counsel.[6]

All these circumstances suggest to me that Stuck seeks delay for delay's sake and not because he has substantial grounds for a claim of ineffective assistance of counsel or other claim in his appeal. Although the merits of Stuck's claim will be adjudicated after the Government's filing of its response on the separate docket to Stuck's § 2255 motion and/or before the Court of Appeals, there is not enough substance to his claim at this juncture to warrant a delay of his voluntary surrender date.

### *Motion for compassionate release*

Stuck moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A) on the grounds that his family needs his support and that he would faces a high risk of exposure to COVID-19 in prison.[7] Federal law allows a court to grant a motion to reduce a federal prison inmate's sentence if there are "extraordinary and compelling" reasons to do so. 18 U.S.C. § 3582(c)(1)(A)(i). But a court may only act upon such a motion after a prisoner has first exhausted administrative remedies with the Bureau of Prisons. *See United States v. Vence-Small*, --- F. Supp. 3d ----, 2020 WL 1921590 (D. Conn. 2020). Because Stuck has not exhausted his remedies as the statute

---

[4] Doc. #110 at 1-2.
[5] Although Stuck claims that he received "informal advice [from] multiple knowledgeable attorneys," Doc. #110 at 1, he does not state who they were or any grounds for them to conclude that it would be in his best interest to move to withdraw his guilty plea in the face of overwhelming evidence of Stuck's guilt.
[6] Doc. #98.
[7] Doc. #111.

requires, I will deny his motion for compassionate release without prejudice to renewal upon a showing that he has properly exhausted his remedies.

## CONCLUSION

For the reasons set forth above, the Court DENIES the motion of defendant Barton Stuck to withdraw his guilty plea; ABSTAINS from deciding the motion for post-conviction relief pursuant to 28 U.S.C. § 2255; DENIES the motion to postpone Stuck's voluntary surrender date; and DENIES without prejudice the motion for compassionate release.

It is so ordered.

Dated at New Haven, Connecticut this 22nd day of June 2021.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge